UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDRZEJ GRABOWSKI and REGINA GRABOWSKA,

                          Plaintiffs,

-against-

JUSTINE TILLER and LAWRENCE PETER,

                          Defendants.
------------------------------------------------------------X

05 CIV. 2157

COMPLAINT

PLAINTIFFS DEMAND TRIAL BY JURY

**ROBINSON**

Plaintiffs, ANDRZEJ GRABOSKI and REGINA GRABOWSKA, by their attorneys, LAW OFFICE OF TODD J. KROUNER, allege for their complaint as follows:

## NATURE OF THE ACTION

1. On January 22, 2004, plaintiff ANDRZEJ GRABOWSKI, had a green traffic light, as he was making a left hand turn from Greenwich Road onto Old Post Road (NY Route 22), in Bedford, New York. At that time, defendant JUSTINE TILLER ("TILLER") jumped her red light on Old Post Road, and drove her vehicle into the front driver side door of the Grabowski vehicle, causing serious personal injuries to both ANDRZEJ GRABOWSKI, and his wife, REGINA GRABOWSKA, who was a passenger at the time of the subject accident. Defendant LAWRENCE PETER ("PETER") was the registered owner of the vehicle which Defendant TILLER was operating at the time of the subject accident.

## JURISDICTION

2. Jurisdiction exists pursuant to 28 U.S.C. § 1332, based on diversity of citizenship, because plaintiffs are residents and citizens of the State of Connecticut,

and upon information and belief, defendants are residents and citizens of the State of New York, and the amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs. The basis of such information and belief is the address provided for the defendants in the subject Police Accident Report.

## THE PARTIES

3. Plaintiff ANDRZEJ GRABOWSKI resides at 8 Harvest Hill Road in Danbury, Connecticut 06811.

4. Plaintiff REGINA GRABOWSKA resides at 8 Harvest Hill Road in Danbury, Connecticut 06811.

5. At all times relevant to this action, plaintiffs were lawfully married and resided together as husband and wife.

6. Upon information and belief, at the time of the subject accident, defendant TILLER resided at 163 Shear Hill Road, Mahopac, New York 10541.

7. Upon information and belief, at the time of the subject accident, defendant PETER resided at 189 Upper Shad Road, Pound Ridge, New York 10576.

## FIRST CLAIM FOR
## ANDRZEJ GRABOWSKI'S PERSONAL INJURIES

8. On January 22, 2004, defendant PETER was the registered owner of a certain 2004 Volkswagen motor vehicle bearing New York license plate number BLC 6679 (the "PETER Vehicle").

9. On January 22, 2004, defendant TILLER was driving, operating and controlling the PETER Vehicle at or about 10:45 a.m., in the vicinity of Old Post Road

and the intersection of Greenwich Road, in the Town of Bedford, County of Westchester, State of New York.

10. Upon information and belief, at all times relevant, defendant TILLER operated the PETER Vehicle with the knowledge, permission and consent of defendant PETER.

11. On January 22, 2004, at approximately 10:45 a.m, plaintiff ANDRZEJ GRABOWSKI was operating a 1996 Volkswagen bearing New York license plate number AJM 6273 (the "GRABOWSKI Vehicle"), on Greenwich Road, in the vicinity of the intersection with Old Post Road, in Bedford, New York.

12. Defendant PETER is vicariously liable for the negligence of defendant TILLER, based on his actual or constructive ownership of the motor vehicle at the time of the accident.

13. Defendant PETER is directly liable for the negligent entrustment of his motor vehicle to defendant TILLER.

14. In derogation of the Rules of the Road as codified in the Vehicle and Traffic Law of the State of New York, defendant TILLER operated the PETER Vehicle carelessly and negligently, and failed to avoid colliding with another motor vehicle; failed to observe the traffic control device by jumping her red light; failed to operate her vehicle in a safe and reasonable manner; failed to operate her vehicle in a manner consistent with prevailing road conditions and prevailing traffic conditions; failed to keep a proper lookout for other traffic; failed to apply her brakes to prevent impact with another motor vehicle; and defendant TILLER was otherwise negligent.

15. The aforesaid accident and injuries were proximately caused and

occasioned by reason of the carelessness and negligence of defendant TILLER in her operation and control of the PETER Vehicle.

16. The aforesaid collision occurred with great force, causing serious and permanent personal injuries to the plaintiff ANDRZEJ GRABOWSKI.

17. At all times mentioned herein, by reason of the foregoing, plaintiff ANDRZEJ GRABOWSKI suffered a "serious injury" as defined by Section 5102, subdivision (d), of the Insurance Law of the State of New York.

18. At all times mentioned herein, by reason thereof, plaintiff ANDRZEJ GRABOWSKI is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of "basic economic loss", as set forth in Section 5102 Subdivision (a) of the Insurance Law of the State of New York.

19. At all times mentioned herein, further by reason of the foregoing and the carelessness and negligence of the defendants as aforesaid, plaintiff ANDRZEJ GRABOWSKI was seriously, severely and permanently injured, shocked, bruised and wounded, and suffered great physical and mental pain and injury to her body and limbs, and was rendered sick, sore, lame and disabled, and was otherwise injured, and required and received medical care and treatment, and will require future medical care and treatment and has incurred expenses for such medical care and treatment as well as for allied purposes and may incur future expenses therefore.

20. By reason of the foregoing, Plaintiff ANDRZEJ GRABOWSKI has been damaged in such amount as a jury may award.

4

## SECOND CLAIM FOR
## <u>REGINA GRABOWSKA'S PERSONAL INJURIES</u>

21. Plaintiffs repeat and reallege Paragraphs 1 through 20, above.

22. Plaintiff REGINA GRABOWSKA was a passenger in the Grabowski Vehicle at the time of the subject accident.

23. The aforesaid collision occurred with great force, causing serious and permanent injuries to the plaintiff REGINA GRABOWSKA.

24. At all times mentioned herein, by reason of the foregoing, plaintiff REGINA GRABOWSKA suffered a "serious injury" as defined by Section 5102, subdivision (d), of the Insurance Law of the State of New York.

25. At all times mentioned herein, by reason thereof, plaintiff REGINA GRABOWSKA is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of "basic economic loss", as set forth in Section 5102 Subdivision (a) of the Insurance Law of the State of New York.

26. At all times mentioned herein, further by reason of the foregoing and the carelessness and negligence of the defendants as aforesaid, plaintiff REGINA GRABOWSKA was seriously, severely and permanently injured, shocked, bruised and wounded, and suffered great physical and mental pain and injury to her body and limbs, and was rendered sick, sore, lame and disabled, and was otherwise injured, and required and received medical care and treatment, and will require future medical care and treatment and has incurred expenses for such medical care and treatment as well as for allied purposes and may incur future expenses therefore.

27. By reason of all the foregoing, plaintiff REGINA GRABOWSKA has been

damaged in such amount as a jury may award.

## THIRD CLAIM FOR
## ANDRZEJ GRABOWSKI'S LOSS OF REGINA GRABOWSKA'S SERVICES

28. Plaintiffs repeat and reallege Paragraph through 1 through 27, above.

29. As a result of the foregoing, Plaintiff ANDRZEJ GRABOWSKI has been denied the services, society and consortium of his wife in a healthy and normal state. Therefore, ANDRZEJ GRABOWSKI has a claim for loss of consortium against defendants.

30. By reason of the foregoing, Plaintiff ANDRZEJ GRABOWSKI has been damaged in such amount as a jury may award.

## FOURTH CLAIM FOR PLAINTIFF
## REGINA GRABOWSKA'S LOSS OF ANDRZEJ GRABOWSKI'S SERVICES

31. Plaintiffs repeat Paragraph 1 through 30, above.

32. As a result of the foregoing, Plaintiff REGINA GRABOWSKA has been denied the services, society and consortium of her husband in a health and normal state. Therefore, Plaintiff REGINA GRABOWSKA has a claim for loss of consortium against defendants.

33. By reason of the foregoing, Plaintiff REGINA GRABOWSKA has been damaged in such amount as a jury may award.

WHEREFORE, plaintiffs demand judgment on each of their claims, against the defendants, JUSTINE TILLER and LAWRENCE PETER, in such amount as a jury may award, together with costs and disbursements of this action.

Dated:    Chappaqua, New York
          February 14, 2005

LAW OFFICE OF TODD J. KROUNER

By: *Todd J. Krouner*

Todd J. Krouner (TK 0308)
Attorneys for Plaintiff
93 North Greeley Avenue, Suite 100
Chappaqua, NY 10514
(914) 238-5800